IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTINA M. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-679-C |
| | ) | |
| MELLING SINTERED METALS | ) | |
| a/k/a MELLING TOOL COMPANY | ) | |
| a/k/a MELLING TOOL RUSH | ) | |
| METALS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a Motion to Dismiss portions of Plaintiff's Amended Complaint (Dkt. No. 28); Plaintiff responded, then Defendant replied. The Motion is now at issue.

I. Overview

Plaintiff was employed by Defendant from May 2012 to July 3, 2014. In July 2013, Plaintiff required heart surgery and took leave under the Family and Medical Leave Act of 1993 ("FMLA"). After the surgery, Plaintiff was no longer able to lift heavy objects or endure prolonged heat exposure, neither of which affected Plaintiff's ability to perform her usual duties as an inventory control specialist. Soon after returning to work, however, Plaintiff was reassigned to a position with different duties which required some heavy lifting and heat exposure, resulting in Plaintiff sustaining two injuries. Plaintiff contends that her ultimate termination was an act of retaliation under the FMLA and Oklahoma's Administrative Workers' Compensation Act, a violation of the Oklahoma Anti-

Discrimination Act, and gave rise to an Intentional Infliction of Emotional Distress claim. Defendant denies these accusations and has counterclaimed against Plaintiff for theft of a company credit card.

## II. Analysis

The standard for consideration of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, if taken as true, "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. A claim is considered facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. A court is not bound to accept as true a plaintiff's legal assertions. <u>Id.</u> at 678-79. Therefore, the Court will examine Plaintiff's factual allegations supporting each claim Defendant wishes the Court to dismiss.

### Count 1: Disability Discrimination, Hostile Environment & Retaliation

Plaintiff concedes that Count 1 fails to state a claim. Therefore, Count 1 shall be dismissed with prejudice.

### Count 3: Violation of Workers' Compensation Retaliatory Charge

Plaintiff states that she suffered two injuries while at work. Defendant was timely notified of these injuries, and the circumstances surrounding Plaintiff's termination led

Plaintiff to conclude that her firing was in retaliation for her taking FMLA leave and for her having a disability. The issue is whether the old statutory provisions or the amended Administrative Workers' Compensation Act ("AWCA"), 85A Okla. Stat. § 1, et al., will control in this case. The effective date of the AWCA is February 14, 2014, and all claims arising prior to that date may be properly brought to the Court. Compare 85A Okla. Stat. § 3 with 85 Okla. Stat. § 7 (repealed 2011). In contrast, the Workers' Compensation Commission retains exclusive jurisdiction to hear and decide suits involving any injury sustained after the effective date. 85A Okla. Stat. § 7(B).

Defendant argues that the Court lacks jurisdiction to hear this claim under 85A Okla. Stat. § 7(B) because Plaintiff was terminated on July 3, 2014, after the effective date. Defendant argues that because this is a retaliation claim, the date the claim arose should determine the applicability of the AWCA. Plaintiff argues that since she filed an injury claim under the preceding act, it should govern these claims. Neither party cites any supporting case law.

A review of recent Oklahoma case law requires the conclusion that the date of an injury giving rise to a retaliation claim controls the determination whether the old or new statute applies. Judge Russell in this district recently found that "[t]he AWCA applied only to those claims for injuries occurring after the effective date of February 1, 2014." "'Injury,' as used in the statute, means the injury forming the basis for the underlying workers' compensation claim, not the date of the alleged retaliation." Chaney v. Walmart Stores, Inc., No. CIV-15-592-R, 2015 WL 6692108, at *11-12 (W.D. Okla. Nov. 3, 2015) (citations

3

omitted); see also Adair v. City of Muskogee, Okla., No. CIV-15-53-RAW, 2015 WL 4542425, at *1 (E.D. Okla. July 27, 2015) (holding that the "substantive right to be free from retaliation" is rooted in the injury claim and the date of injury will control); Maddox v. Sooner Completions, Inc., 2015 OK 63, ¶ 3, 374 P.3d 772, 773; Carbajal v. Precision Builders, Inc., 2014 OK 62, ¶ 2, 333 P.3d 258, 259, as corrected (July 3, 2014).

Plaintiff has failed to state the date on which the injuries occurred, stating only that the two on-the-job injuries occurred after July 2013 resulting in her termination on July 3, 2014. Therefore, the Court is unable to determine which statute applies, and ultimately, whether the Court or the Workers' Compensation Commission has jurisdiction over this claim. Because Plaintiff bears the burden of establishing jurisdiction, Count 3 is dismissed without prejudice.

### Count 4: Intentional Infliction of Emotional Distress

Plaintiff brings an Intentional Infliction of Emotional Distress ("IIED") claim, stating that Defendant purposefully changed Plaintiff's position to one requiring her to perform tasks that would be difficult given her disability. Plaintiff alleges that Defendant attempted to prompt Plaintiff to quit her job by denying her requests for reasonable accommodations, resulting in injuries. Plaintiff states that she suffered severe emotional distress, anxiety, depression, and loss of sleep as a result of Defendant's actions.

The elements of an IIED claim are "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe."

4

Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 7, 49 P.3d 732, 735. The trial court is charged with acting as gatekeeper in regard to the outrageousness of defendant's conduct. In fact, "[o]nly when it is found that reasonable people would differ in an assessment of this central issue may the tort of [IIED] be submitted to the jury." Miller v. Miller, 1998 OK 24, ¶ 34, 956 P.2d 887, 901.

Plaintiff's IIED claim will fail because Plaintiff has not pleaded facts which, when taken as true, could establish that Defendant's conduct was extreme and outrageous or that Plaintiff's resulting emotional distress was severe. To meet her burden, Plaintiff must show that "the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim 'Outrageous!'" Welton, 2002 OK 50, ¶ 9, 49 P.3d at 735. Oklahoma courts have repeatedly found that an IIED claim based on workplace harassment is seldom present because the conduct does not rise to the level of "outrageous." Daniels v. C.L. Frates & Co., 641 F. Supp. 2d 1214, 1218 (W.D. Okla. 2009); see generally Rigo v. Apex Remington, Inc., No. 14-CV-663-JED-FHM, 2015 WL 3746307 (N.D. Okla. June 15, 2015); Miner v. Mid-America Door Co., 2003 OK CIV APP 32, 68 P.3d 212. Plaintiff's Count 4 is dismissed with prejudice regarding the IIED claim.

III. Conclusion

Defendant's Motion to Dismiss (Dkt. No. 28) is GRANTED. Counts 1 and 4 are dismissed with prejudice. Count 3 is dismissed without prejudice and Plaintiff may amend

5

the Complaint in regards to this claim within fourteen (14) days.  Count 2 remains. Defendant's request for attorneys' fees and costs is denied.

IT IS SO ORDERED this 28th day of September, 2016.

ROBIN J. CAUTHRON
United States District Judge